IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BENNIE JAMES JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CERT OFFICER TODMAN, and CERT OFFICER TAYLOR,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:22-cv-65 |

## ORDER AND NOTICE OF PRETRIAL PROCEEDINGS

IT IS ORDERED that lead counsel for Defendants are instructed to prepare and file with the Clerk of this Court a proposed pretrial order in accordance with the attached instruction. Defendants' proposed pretrial order shall be filed by the close of business on October 18, 2024. Defendants shall serve a copy of their proposed pretrial order on Plaintiff.

Additionally, Plaintiff shall submit to the Court a Status Report. Plaintiff's Status Report shall include: (1) a statement as to whether Plaintiff is ready to proceed to trial; (2) any questions Plaintiff wants the Court to ask potential jurors; and (3) a description of any motions or other matters Plaintiff believes need to be resolved before trial. Plaintiff's Status Report shall be submitted to the Court on or before October 18, 2024.

The parties shall appear for a pretrial conference on October 31, 2024, via a video teleconference. At the time of the pretrial conference, the Court will approve, disapprove, or direct amendment of the proposed pretrial order. Plaintiff, proceeding pro se, and Defendants' lead counsel shall attend the pretrial conference. All evidentiary objections and motions in

limine that have not been resolved prior to the pretrial conference shall be submitted in writing at least three days prior to the pretrial conference.

**SO ORDERED**, this 9th day of October, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

**STANDARD INSTRUCTIONS FOR CONSOLIDATED PRETRIAL ORDERS IN THE SOUTHERN DISTRICT OF GEORGIA**

[THIS DOCUMENT AND ASSOCIATED FORMS MAY BE FOUND ON THE COURT'S WEBSITE AT: www.gas.uscourts.gov.]

The proposed pretrial order shall cover the following subjects, numbered serially as: (NOTE: IN PREPARING THE PROPOSED PRETRIAL ORDER, REPRODUCE EACH NUMBERED ITEM AS A PREFACE TO THE MATERIAL SUBMITTED SETTING FORTH THE MATERIAL SUBMITTED IMMEDIATELY THEREAFTER.  DO NOT USE APPENDICES OR ATTACHMENTS, EXCEPT WHERE SPECIFICALLY AUTHORIZED BY THE COURT OR CALLED FOR HEREIN).

**I.** Plaintiff and counsel for Defendants are to discuss and agree on every possible factual stipulation.  The stipulations shall be reduced to writing, signed, and filed with the consolidated proposed pretrial order as ATTACHMENT "A."  Stipulations can spare witness testimony, trial time, and expense.  If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A."  Costs of proving what, at trial, was never really disputed and what should have been stipulated may be taxed against the offending party and attorney.  Those costs may include witness fees and additional attorney preparation time costs.

**II.** As ATTACHMENT "B" to the proposed pretrial order, Defendants may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes.  If Defendants choose to submit general voir dire questions, they may submit the questions as ATTACHMENTS "B."[1]

**III.** State the names of all parties, firms, and attorneys to be used in qualifying the jury.  State the name of any insurance company involved and whether it is a stock or mutual company.  State the names of all counsel who are members of any firm involved on a contingent fee basis.  At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

**IV.** Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

**V.** List any motions or other matters in the case which remain unresolved.  Any motion not so enumerated shall be deemed withdrawn by the moving party.

---

[1] The Court will require each juror to stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included.  The Court will propound questions concerning legal qualifications.

**VI.** All discovery is to be completed based on this Court's Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

**VII.** State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

**VIII.** Outline of Defendants' case.

> **NOTE: DEFENDANTS SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Defendants shall:

A. Furnish a short, succinct, factual, and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

B. In all actions involving a counterclaim, cross-claim, or third-party action, Defendants should summarize the matter, using the outline required as to the main claim.

**IX.** If there is any dispute as to agency, state the contentions of the parties with respect to agency.

**X.** State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

**XI.** Under this Section, Defendants should list the witnesses they will have present at the trial and those who may be present. Witnesses intended to be used solely for impeachment shall be listed; however, if Defendants have a genuine reason for not listing and disclosing an impeachment witness, they may address the Court ex parte and seek a ruling as to whether disclosure may be properly withheld. A representation that a party will have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

> **NOTE: DEFENDANTS' COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK THREE COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.**

**XII.** All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties prior to the pretrial conference. All evidence shall be marked by the parties prior to the pretrial conference, and the parties are encouraged to submit a joint

exhibit list on a form the Clerk supplies. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:

> **A.** A list of documents and physical evidence submitted as joint exhibits.
>
> **B.** Where separate lists are being submitted, a list of documents and physical evidence to be introduced by Plaintiff. Copies of such exhibits shall be provided to counsel for each other party. Objections and reasons therefor shall be stated in writing and be filed five days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.
>
> **C.** Where separate lists are being submitted, a list of documents and physical evidence to be introduced Defendants. Copies of such exhibits shall be provided to counsel for each other party. Objections and reasons therefor shall be stated in writing and be filed five days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.
>
> **D.** Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.
>
> **E.** The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.
>
> **NOTE: DEFENDANTS' COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK THREE COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE. All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged, as required by the Local Rules of this District. This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.**

**XIII.** List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis for the objection.

> **A.** Prior to trial, Defendants' counsel shall eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.
>
> **B.** The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

5

**XIV.** Defendants shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of Plaintiff's claim, defenses asserted, matters of evidence, etc.

**XV.** State any other matters that should be covered by pretrial order, including rulings desired of the Court prior to trial.

**XVI.** State whether the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

**XVII.** In cases where a party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as ATTACHMENT "C." Plaintiff and Defendants' lead counsel are to discuss and agree on such special verdict where possible. Where agreement is not reached, state the basis for any objections to the special verdict request.

**XVIII.** In non-jury cases, Defendants shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.